LAW OFFICE OF CHAD D. MORGAN
**Chad D. Morgan, Esq. SBN 291282**
P.O. Box 1989 PMB 342
40729 Village Drive #8
Big Bear Lake, CA 92315
Tel: (951) 667-1927
Fax: (866) 495-9985
chad@chadmorgan.com

**Alexander E. Toemscu, Esq. SBN 283840**
30011 Ivy Glenn Drive, Ste. 223
Laguna Niguel, CA 92677
Tel: (949) 495-3314

Attorneys for Plaintiffs
James V. Lacy and United States Justice Foundation

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA,
SOUTHERN DIVISION

| | |
|---|---|
| **James V. Lacy** and **United States Justice Foundation**,<br><br>    Plaintiffs,<br><br>    vs.<br><br>**United States Department of State**; and<br>DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No.:<br><br>**Complaint for Declaratory and Injunctive Relief**<br>(FOIA, 5 U.S.C. § 552) |

-1-

Plaintiffs James V. Lacy and United States Justice Foundation (USJF) allege as follows:

1. Plaintiffs seek injunctive, declaratory, and other appropriate relief against the United States Department of State (State Department) to remedy the State Department's violations of the Freedom of Information Act (FOIA), 5 U.S.C. § 552.

## PARTIES

1. Plaintiff **James V. Lacy** is an individual residing in the City of Dana Point, County of Orange, State of California. Mr. Lacy is domiciled in the Southern Division of California's Central District. 28 U.S.C. § 1391(c)(1). Mr. Lacy is President of USJF. Through counsel, Mr. Lacy requested the records at issue in this complaint on his own behalf and on behalf of USJF.

2. Plaintiff United States Justice Foundation (**USJF**) is a nonprofit corporation organized under the laws of the State of California. USJF was formed to educate the general public and litigate significant legal issues confronting the country. In support of this mission, it conducts and supports research and education and disseminates information about important legal and public policy issues through reports, letters, articles, its website, and emails. In April 2020, USJF published a report on Hunter Biden and his associates' Ukraine corruption inquiry, primarily concerning Energy Corporation Burisma. This action concerns research relating to USJF's continued effort to disseminate information on this issue. USJF is a "person" under FOIA. 5 U.S.C. §§ 551(2), 552(a)(3). USJF has its principal place of business in the State of Arizona but maintains an office in the City of Laguna Niguel, County of Orange, State of California.

3. Defendant United States Department of State **(State Department)** is sued as an Executive Branch agency of the government of the United States. It is subject to and required to disclose records under FOIA. 5 U.S.C. §§ 551(1), 552(f)(1). It has an office in the Central District of California.

4. The true names of Defendant DOES 1 through 10, inclusive, are unknown to Plaintiffs, who therefore bring this action against DOES 1 through 10, inclusive, by such fictitious names and will seek leave of this Complaint to show their true names, identities, and capacities when they have been ascertained.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to FOIA, 5 U.S.C. § 552(a)(4)(B), as a federal question under 28 U.S.C. § 1331, and under 28 U.S.C. § 1346 because the United States government is a defendant.

6. This Court has authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.

7. Because the State Department did not provide Plaintiffs with a determination of the scope of documents it would produce and the exemptions it would claim within 30 working days of receiving the Plaintiffs' requests, described below, Plaintiffs are deemed to have exhausted their administrative remedies and may now seek judicial review. 5 U.S.C. § 552(a)(6)(C)(i).

8. Venue is proper under 5 U.S.C. § 512(a)(4)(B) and 28 U.S.C. § 1391(b), (e)(1).

9. This case is properly assigned to the Southern Division because more than 50 percent of the in-district plaintiffs reside in the Southern Division.

## STATUTORY FRAMEWORK

10. FOIA promotes open government by providing every person with a right to request and receive federal agency records. 5 U.S.C. § 522(a)(3)(A).

11. In furtherance of its purpose to encourage open government, FOIA imposes strict deadlines on agencies to provide documents responsive to FOIA requests. 5 U.S.C. § 552(a)(6)(A).

12. An agency must comply with a FOIA request by issuing a determination within 20 business days after receipt of the request. 5 U.S.C. § 522(a)(6)(A)(i).

13. The determination "must at least inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions." *Citizens for Responsibility & Ethics in Wash. v. Fed. Election Comm'n*, 711 F.3d 180, 186 (D.C. Cir. 2013).

14. An agency is entitled to one ten-day extension of time to respond to a request if it provides written notice to the requester explaining the "unusual circumstances" that exist to warrant additional time. 5 U.S.C. § 552(a)(6)(B).

15. An agency's failure to comply with any timing requirements is deemed constructive denial and satisfies the requester's requirement to exhaust administrative remedies. 5 U.S.C. § 552(a)(4)(B).

16. A FOIA requester who exhausts administrative remedies may petition the court for injunctive and declaratory relief from the agency's continued withholding of public records. 5 U.S.C. § 552(a)(4)(B).

## FACTS COMMON TO ALL CAUSES OF ACTION

**A. February 26, 2020 FOIA Request: F-2020-04255**

17. On February 26, 2020, Plaintiffs, through counsel, submitted a FOIA request to the State Department's Office of Information Programs and Services via online submission requesting the following records:

   a. All electronic communication between Hunter Biden and David Wade that reference and/or include the following terms:

      i. United States Global Leadership Coalition

      ii. Center for U.S. Global Leadership

      iii. International Affairs Budget

      iv. Ukraine

18. On March 3, 2020 the State Department acknowledged the request in an email communication, attached as **Exhibit A**. The State Department assigned a tracking number, F-2020-04255, and "placed it in the complex processing track where it will be processed *as quickly as possible*." (Emphasis added.) The State Department cited to 22 CFR § 1717.11(h) as authority for this action. Ex. A. However, the request is far from complex. Instead, it is rather simple, seeking only emails between two people that include a short list of specific keywords.

19. The State Department asserted that it will not be able to respond within 20 days due to "unusual circumstances." Ex. A. Specifically, the so-called "unusual circumstances" was "the need to search for and collect requested records from other Department offices or Foreign Services posts." Ex. A.

20. The State Department has not communicated with Plaintiffs regarding this request since its March 3, 2020 email.

**B. February 26, 2020 FOIA Request: F-2020-04256**

21. On February 26, 2020, Plaintiffs, through counsel, submitted a FOIA request to the State Department's Office of Information Programs and Services via online submission requesting the following records:

    a. All electronic communication between Karen Tramontano and Catherine Novelli that reference and/or include the following terms:

        i. Burisma

        ii. Hunter Biden

        iii. Petro Poroshenk

        iv. Viktor Shokin

        v. Mykola Zlochevsky

22. On March 3, 2020 the State Department acknowledged the request in an email communication, attached as **Exhibit B**. The State Department assigned a

tracking number, F-2020-04256, and "placed it in the complex processing track where it will be processed *as quickly as possible*." (Emphasis added.) The State Department cited to 22 CFR § 1717.11(h) as authority for this action. Ex. B. However, the request is far from complex. Instead, it is rather simple, seeking only emails between two people that include a short list of specific keywords.

23.  The State Department asserted that it will not be able to respond within 20 days due to "unusual circumstances." Ex. B. Specifically, the so-called "unusual circumstances" was "the need to search for and collect requested records from other Department offices or Foreign Services posts." Ex. B.

24.  The State Department has not communicated with Plaintiffs regarding this request since its March 3, 2020 email.

C. **February 28, 2022 FOIA Request: F-2022-05382**

25. On February 28, 2022, Plaintiffs, through counsel, submitted a FOIA request to the State Department's Office of Information Programs and Services via online submission requesting the following records from May 1, 2015 through July 30, 2015:

    a. All electronic communication between Hunter Biden and Anthony Blinken (then-Deputy Secretary of State to then-Secretary of State John Kerry) that reference and/or include the following terms:

        i. Burisma

        ii. Zlochevsky

        iii. Ukraine

    b. All electronic or written calendar entries, sign-in logs, and meeting logs for Mr. Blinken that reference and/or include the following terms:

        i. Burisma

        ii. Zlochevsky

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

      iii.  Ukraine

      iv.  Hunter Biden

26. On March 4, 2022, the State Department acknowledged the request in an email communication, attached as **Exhibit C**. The State Department assigned a tracking number, F-2022- 05382, and "placed it in the complex processing track where it will be processed *as quickly as possible*." (Emphasis added.) The State Department cited to 22 CFR § 1717.11(h) as authority for this action. Ex. C. However, the request is far from complex. Instead, it is rather simple, seeking only one person's electronic records that include a short list of specific keywords.

27. Plaintiffs had requested expedited processing of the request, which the State Department denied. *See* Ex. C.

28. The State Department asserted that it will not be able to respond within 20 days due to "unusual circumstances." Ex. C. Specifically, the so-called "unusual circumstances" was "the need to search for and collect requested records from other Department offices or Foreign Services posts." Ex. C.

29. The State Department has not communicated with Plaintiffs regarding this request since its March 4, 2022 email.

# CAUSES OF ACTION

## I. Causes of Action Arising from Plaintiffs' First February 26, 2020 Request (F-2020-04255).

### A. First Cause of Action: Failure to Make a Determination

30. Plaintiffs incorporate paragraphs 1 through 30 as if they were fully stated herein.

31. The State Department was required to make a determination within 20 business days of its receipt of Plaintiffs' February 26, 2020 request, No. F-2020-04255. 5 U.S.C. § 552(a)(6)(A)(i).

32. The State Department did not make that determination by the deadline. Instead, it asserted that "unusual circumstances" justified an extension. Specifically, it claimed "the need to search for and collect requested records from other Department offices or Foreign Services posts." This does not sufficiently *explain* the unusual circumstances the State Department claims exist. claims. Plaintiffs are informed and believe that the electronic records they requested are stored on centralized servers. As such, the FOIA-defined "unusual circumstance" of needing "to search for and collect the requested records from field facilities or other establishments to are separate from the office processing the request" does not apply. *See* 5 U.S.C. § 552(a)(6)(B)(ii).

33. Instead, it appears the State Department is using "unusual circumstances" as an excuse to deliberately avoid releasing records relating to corruption involving the President's son and top State Department officials. This is hardly an unusual circumstance that warrants delay.

34. Even if an "unusual circumstance" existed, the maximum extension is 10 days. 5 U.S.C. § 552(a)(6)(B)(i). Added to the initial 20-day response deadline, this extends the deadline to 30 days. More than 30 days have passed since the State Department received Plaintiffs' request.

35. Because the State Department has not timely responded to Plaintiffs' request, Plaintiffs are deemed to have exhausted their administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

36. The State Department should be ordered to make a determination as to whether Plaintiffs requested records subject to disclosure under FOIA.

**B.  Second Cause of Action: Failure to Conduct Adequate Search**

37. Plaintiffs incorporate paragraphs 1 through 37 as if they were fully stated herein.

38. Plaintiffs are informed and believe that the State Department has failed to make a determination with respect to their request because the State Department has not conducted an adequate search for records responsive their request, in violation of FOIA. See 5 U.S.C. § 552(a)(3).

39. The State Department should be ordered to search for records responsive to Plaintiffs' FOIA request.

### C. Third Cause of Action: Failure to Disclose Non-Exempt Records

40. Plaintiffs incorporate paragraphs 1 through 40 as if they were fully stated herein.

41. Plaintiffs are informed and believe that the State Department possesses records responsive to their FOIA request that are not exempt from disclosure.

42. The State Department is required to disclose those records, and Plaintiffs have a statutory right to receive them. *See* 5 U.S.C. § 552(d) (Agencies are not authorized to withhold information unless expressly exempted).

43. The State Department should be ordered to disclose records that are not exempt from disclosure.

## II. Causes of Action Arising from Plaintiffs' Second February 26, 2020 Request (F-2020-04256).

### A. Fourth Cause of Action: Failure to Make a Determination

44. Plaintiffs incorporate paragraphs 1 through 30 as if they were fully stated herein.

45. The State Department was required to make a determination within 20 business days of its receipt of Plaintiffs' February 26, 2020 request, No. F-2020-04256. 5 U.S.C. § 552(a)(6)(A)(i).

46. The State Department did not make that determination by the deadline. Instead, it asserted that "unusual circumstances" justified an extension. Specifically, it claimed "the need to search for and collect requested records from

other Department offices or Foreign Services posts." This does not sufficiently *explain* the unusual circumstances the State Department claims exist. Plaintiffs are informed and believe that the electronic records they requested are stored on centralized servers. As such, the FOIA-defined "unusual circumstance" of needing "to search for and collect the requested records from field facilities or other establishments to are separate from the office processing the request" does not apply. *See* 5 U.S.C. § 552(a)(6)(B)(ii).

47. Instead, it appears the State Department is using "unusual circumstances" as an excuse to deliberately avoid releasing records relating to corruption involving the President's son and top State Department officials. This is hardly an unusual circumstance that warrants delay.

48. Even if an "unusual circumstance" existed, the maximum extension is 10 days. 5 U.S.C. § 552(a)(6)(B)(i). Added to the initial 20-day response deadline, this extends the deadline to 30 days. More than 30 days have passed since the State Department received Plaintiffs' request.

49. Because the State Department has not timely responded to Plaintiffs' request, Plaintiffs are deemed to have exhausted their administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

50. The State Department should be ordered to make a determination as to whether Plaintiffs requested records subject to disclosure under FOIA.

**B. <u>Fifth Cause of Action: Failure to Conduct an Adequate Search</u>**

51. Plaintiffs incorporate paragraphs 45 through 51 as if they were fully stated herein.

52. Plaintiffs are informed and believe that the State Department has failed to make a determination with respect to their request because the State Department has not conducted an adequate search for records responsive their request, in violation of FOIA. See 5 U.S.C. § 552(a)(3).

53. The State Department should be ordered to search for records responsive to Plaintiffs' FOIA request.

### C. Sixth Cause of Action: Failure to Disclose Non-Exempt Records

54. Plaintiffs incorporate paragraphs 45 through 55 as if they were fully stated herein.

55. Plaintiffs are informed and believe that the State Department possesses records responsive to their FOIA request that are not exempt from disclosure.

56. The State Department is required to disclose those records, and Plaintiffs have a statutory right to receive them. *See* 5 U.S.C. § 552(d) (Agencies are not authorized to withhold information unless expressly exempted).

57. The State Department should be ordered to disclose records that are not exempt from disclosure.

## III. Causes of Action Arising from Plaintiffs' February 28, 2022 Request (F-2022-05382).

### A. Seventh Cause of Action: Failure to Make a Determination

58. Plaintiffs incorporate paragraphs 1 through 30 as if they were fully stated herein.

59. The State Department was required to make a determination within 20 business days of its receipt of Plaintiffs' February 28, 2022 request, No. F-2022-05382. 5 U.S.C. § 552(a)(6)(A)(i).

60. The State Department did not make that determination by the deadline. Instead, it asserted that "unusual circumstances" justified an extension. Specifically, it claimed "the need to search for and collect requested records from other Department offices or Foreign Services posts." This does not sufficiently *explain* the unusual circumstances the State Department claims exist. Plaintiffs are informed and believe that the electronic records they requested are stored on centralized servers. As such, the FOIA-defined "unusual circumstance" of needing

"to search for and collect the requested records from field facilities or other establishments to are separate from the office processing the request" does not apply. *See* 5 U.S.C. § 552(a)(6)(B)(ii).

61. Instead, it appears the State Department is using "unusual circumstances" as an excuse to deliberately avoid releasing records relating to corruption involving the Secretary of State (from the time when he was Deputy Secretary of State) and the President's son. This is hardly an unusual circumstance that warrants delay.

62. Even if an "unusual circumstance" existed, the maximum extension is 10 days. 5 U.S.C. § 552(a)(6)(B)(i). Added to the initial 20-day response deadline, this extends the deadline to 30 days. More than 30 days have passed since the State Department received Plaintiffs' request.

63. Because the State Department has not timely responded to Plaintiffs' request, Plaintiffs are deemed to have exhausted their administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

64. The State Department should be ordered to make a determination as to whether Plaintiffs requested records subject to disclosure under FOIA.

**B. <u>Eighth Cause of Action: Failure to Conduct an Adequate Search</u>**

65. Plaintiffs incorporate paragraphs 59 through 65 as if they were fully stated herein.

66. Plaintiffs are informed and believe that the State Department has failed to make a determination with respect to their request because the State Department has not conducted an adequate search for records responsive their request, in violation of FOIA. See 5 U.S.C. § 552(a)(3).

67. The State Department should be ordered to search for records responsive to Plaintiffs' FOIA request.

C. **Ninth Cause of Action: Failure to Disclose Non-Exempt Records**

68. Plaintiffs incorporate paragraphs 59 through 68 as if they were fully stated herein.

69. Plaintiffs are informed and believe that the State Department possesses records responsive to their FOIA request that are not exempt from disclosure.

70. The State Department is required to disclose those records, and Plaintiffs have a statutory right to receive them. *See* 5 U.S.C. § 552(d) (Agencies are not authorized to withhold information unless expressly exempted).

71. The State Department should be ordered to disclose records that are not exempt from disclosure.

D. **Tenth Cause of Action: Arbitrarily Rejecting Plaintiffs' Request to Expedite a Response to its Request.**

72. Plaintiffs incorporate paragraphs 59 through 71 as if they were fully stated herein.

73. Plaintiffs requested expedited processing of this request because they have a compelling need for the records. See 5 U.S.C. § 552(a)(6)(E)(i)(I).

74. Plaintiffs have a compelling need for the records because they are "primarily engaged in disseminating information" and there is an urgent need "to inform the public concerning actual or alleged Federal government activity." 5 U.S.C. § 552(a)(6)(E)(v)(I).

75. As discussed above, Plaintiffs are "primarily engaged in disseminating information."

76. Additionally, there is an urgent need to inform the public about actual *or alleged* Federal government activity relating to corruption involving the then-Vice President's (now President's) son and other top government officials, including the person who is now the Secretary of State. One question is to what degree Hunter Biden used or attempted to use his father's office in order to influence official

government policy on behalf of a Ukrainian energy company, Burisma Holdings, of which he was a director. This is especially true given the escalation of the conflict between Russia and Ukraine.

77. The State Department denied Plaintiffs' request to expedite the request.

78. While Plaintiffs had a right to appeal that decision, the State Department's failure to satisfy statutory deadlines discussed above means that Plaintiffs are deemed to have exhausted their administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i), (E)(ii),

79. The State Department should be ordered expedite its response to this request.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiffs pray that the Court:

1. Order the State Department conduct an adequate search for records responsive to each of Plaintiffs' three requests, make a determination with respect to those records, and disclose records that are not exempt from disclosure.

2. Order that the State Department expedite Plaintiffs' February 28, 2022 request.

3. Declare that the State Department did not timely respond to Plaintiffs' three FOIA requests.

4. Declare that the State Department did not adequately search for records responsive to Plaintiffs' three FOIA requests.

5. Declare that the State Department improperly withheld records responsive to Plaintiffs' three FOIA requests.

6. Declare that the State Department improperly denied Plaintiffs' request to expedite its response to its request.

7. Award Plaintiffs their costs of suit and reasonable attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

8. Grant such other and further relief as the Court deems proper.

9. Reserve jurisdiction over this matter to ensure the State Department's compliance with the Court's orders.

DATE: May 26, 2022

Respectfully Submitted,
LAW OFFICE OF CHAD D. MORGAN

By: _____/s/_____
Chad D. Morgan, Esq.
Attorney for Plaintiffs,
United States Justice Foundation &
James V. Lacy

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF